IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                        Case No. 1:14-cr-10008

MARIO THOMAS                                                                             DEFENDANT

### ORDER

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 53) and Defendant's Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018. (ECF No. 61). The Government filed a response. (ECF No. 62). The Court finds this matter ripe for consideration.

### I. BACKGROUND

On April 8, 2015, Defendant pleaded guilty to one count of distributing more than 28 grams of a mixture or substance containing cocaine base in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). On January 19, 2016, Defendant was sentenced to one hundred and eighty-eight (188) months imprisonment, three (3) years supervised release with conditions, and a $100.00 special assessment.

On November 2, 2020, Defendant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) and Sections 602 and 603 of the First Step Act. (ECF No. 53). On November 3, 2020, the Court appointed the Federal Public Defender to represent Defendant with respect to any motions for compassionate release. (ECF No. 54). On February 4, 2021, Defendant filed a Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018. (ECF No. 61). On February 11, 2021, the Government filed a response. (ECF No. 62).

## II. DISCUSSION

As previously stated, Defendant seeks a compassionate-release reduction of his sentence pursuant to the First Step Act ("FSA"). The government contends that a compassionate release is not appropriate in this case.

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court will address each issue; however, the Defendant must satisfy the statute's gate-keeping provision before the Court addresses the merits.

### A. Exhaustion of Administrative Remedies

The FSA has provided two avenues for a defendant to bring a compassionate release motion to a district court. The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prison ("BOP") to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves

the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

In the present case, Defendant filed a request for a reduction in sentence with the warden of Yazoo City Medium FCI in Yazoo City, Mississippi. (ECF No. 53-1, p. 5). This request was received on August 7, 2020. The Case Manager stated that Defendant's request for compassionate release was forwarded to the Complex Reduction-in-Sentence Coordinator. At the time Defendant filed his initial Motion for Compassionate Release, more than thirty (30) days had passed and he had not received a response. The Government argues that Defendant's request was reviewed, but the records indicate that Defendant was found to be ineligible. (ECF No. 62-1). However, neither party indicates that Defendant received a response within the above mentioned time frame, thus he is able to bring the present motion as he has exhausted his administrative remedies.

Accordingly, Defendant has satisfied the gatekeeping requirement and the Court will address the merits.

3

### B. Extraordinary and Compelling Reasons

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. §3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[1] This policy statement limited "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

[1] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Courts have answered that question with mixed results. *See United States v. Brown*, 411 F. Supp. 3d 446, 449-50 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement). However, at minimum, the pre-FSA policy statement provides guidance as to what constitutes extraordinary and compelling reasons. *See U.S. v. Schmitt*, 2020 WL 96904, at *3 (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance).

      (ii) The defendant is –

          (I) suffering from a serious physical or medical condition,

          (II) suffering from a serious functional or cognitive impairment, or

          (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant argues that his medical conditions and the inability to social distance while incarcerated qualifies him for compassionate release. Defendant is 42 years old, obese, and has hypertension (ECF No. 61, p.8). Defendant is currently prescribed amlodipine for hypertension, which is administered by the BOP medical staff.

The Government argues that while Defendant may have a severe medical issue, the medical staff of the BOP is well equipped to manage Defendant's medical needs. The Government also maintains that the BOP is doing as much as possible to keep the prisoners safe and reduce the spread of COVID-19.[2]

---

[2] The Government maintains their objection to Defendant's Motion for Compassionate Release but filed a supplementary pleading (ECF No. 63) to reflect the recent developments regarding COVID-19 within the CDC. The government notes that Defendant received his first dose of the Pfizer vaccination on April 13, 2021 and anticipates that he will receive his second dose, which materially alters the compassionate release inquiry.

While the Court agrees that Defendant has a serious medical condition, Defendant has not shown that this medical condition or COVID-19 cannot be managed by the medical staff. Further, even if the Court found these conditions to be an extraordinary and compelling reason to justify compassionate release, Defendant's argument would fail under the sentencing factors laid out in 18 U.S.C. § 3553(a).

### C. § 3553(a) Factors

The Court must also determine whether the sentencing factors set forth in 18 U.S.C. § 3553(a) support a compassionate release, to the extent that any are applicable. That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed—
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and
> > >
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant argues that he has shown positive conduct while incarcerated as he has been assigned to work in UNICOR[3] and has completed a drug treatment program. (ECF No. 53-1). Defendant's manager at UNICOR has provided a letter of recommendation for Defendant's future employment stating that he has been respectful, arrives on time for work, and shows initiative. (ECF No. 53-1). Defendant states that he has been offered employment and will also act as a caregiver for his son and mother. Defendant adds that he has had sufficient time to reflect on the severity of his crime and the impact his actions have had on his family and the community.

The Government argues that a reduction is unwarranted under § 3553(a) due to the nature of the offense and Defendant's history of violence prior to the present offense. The Government maintains that Defendant's actions in distributing large quantities of methamphetamine and his criminal history qualifies him as a danger to the community. The BOP's inmate profile classifies Defendant's recidivism level at high risk as of August 26, 2020. (ECF No. 62-1). Additionally, the Government argues that Defendant has only served approximately 36% of his sentence, and thus Defendant's recidivism rate remains high and early release would undermine the overarching goal of deterrence.

While the Court acknowledges Defendant's positive steps toward rehabilitation, the present record does not support compassionate release. Defendant has not shown that the BOP's medical staff cannot provide adequate medical care. Additionally, the Court agrees with the Government in that serving only 36% of his sentence undermines the goal of deterrence in this

---

[3] UNICOR is the trade name for Federal Prison Industries (FPI): a wholly owned, self-sustaining Government corporation that sells market-priced services and quality goods made by inmates. https://www.bop.gov/inmates/custody_and_care/unicor.jsp

Case 1:14-cr-10008-SOH   Document 64   Filed 05/20/21   Page 8 of 8 PageID #: 514

case. The Court also notes that Defendant's risk if recidivism remains high. Accordingly, the Court finds that the §3553(a) factors do not support compassionate release.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's Motion to Reduce Sentence (ECF No. 53) and Defendant's Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018. (ECF No. 61) should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge